Sherman, Shreveport and Southern Railway Co. v. L.
Beebe & Co.

Delivered March 13, 1897.

**Railway Company—Guaranteed Charges—Through Rates.**

Where goods were shipped on a guaranteed through freight rate, but were sold by the shippers en route and the delivery changed accordingly, without the consent of the initial line, and while they were in the hands of connecting lines, the shippers, who had intended to sell en route and to so change the delivery to meet their own convenience, and who had been compelled, after the shipment, to pay more than the agreed rate, are entitled to recover back from the initial carrier only the difference between the amount received by it and the proportion it would have received had the goods been originally billed to the points where they were delivered.

Appeal from the County Court of Collin. Tried below before Hon. M. G. Abernathy.

*Craddock & Looney*, for appellant.

*Smith & Evans*, and *Harris, Etheridge & Knight*, for appellees.

LIGHTFOOT, Chief Justice.—We adopt the statement of the case as made by appellant: Appellees sued appellant November 18, 1895, in the County Court of Collin County, Texas, for .$446.60 and interest, claimed to be the amount of overcharge of 475 bales of cotton shipped by plaintiffs in December, 1893, from Jefferson, Texas, to Franklin, New Hampshire, on a guaranteed rate of 93 cents per hundred pounds. Plaintiffs alleged that after the inception of this shipment, defendant and its connections raised from 93 cents per hundred pounds to $1.24 per hundred pounds, which latter amount was collected from plaintiffs on the cotton; that all of the claimed excess, except 19 cents per hundred pounds had been refunded plaintiffs by some of the transportation companies.

Defendant filed general and special exceptions, general denial and special denials under oath, denying that it either changed the rate in the way bills or authorized any one else to do so for it.

The cause was tried before the court August 14, 1896, and resulted in judgment for plaintiffs for $516.90, with 6 per cent interest thereon and all costs of suit. The defendant excepted in open court, gave notice of appeal, and has perfected its appeal and assigned errors.

The facts show that in December, 1893, appellees delivered to appellant for transportation over its own and connecting lines to Franklin, New Hampshire, 475 bales of cotton, which appellant agreed to transport at the guaranteed rate of 93 cents per hundred pounds. At the time of shipment appellees had not sold the cotton, but sold it while en route, and when the cotton arrived at Boston, Mass., which was on the line to Franklin, New Hampshire, appellees changed its routing by consent of the carrier then in charge, and 175 bales, weighing 86,936 lbs. were

delivered at Boston; 250 bales, weighing 123,249 lbs. were delivered at Lowell, Mass., and 50 bales, weighing 24,870 lbs. were delivered at Augusta, Maine; the last delivery being off the line to Franklin, New Hampshire, and a longer haul. Such changed delivery was made without the knowledge or consent of appellant. The carriers which delivered the cotton charged $1.24 per hundred pounds instead of 93 cents per hundred pounds, as guaranteed in the original bills of lading. The proportion of the other carriers along the line of such excess was collected by appellees from such other carriers, and appellees now seek to collect from appellant 19 cents per hundred pounds which would be its proportion of such excess according to the transportation agreement on a shipment from Jefferson, Texas, to Franklin, New Hampshire.

According to the regular rates under such transportation agreements for shipment of cotton, if the 475 bales had been originally shipped from Jefferson, Texas, to the points at which the cotton was actually delivered, the share of appellant in such freight money would have been larger than a shipment to Franklin, New Hampshire, viz: On the cotton billed to Boston, appellant would have been entitled to have 42 cents per hundred pounds; on the cotton billed to Lowell, 38 cents per hundred pounds and on the cotton billed to Augusta, 34 cents per hundred pounds. Out of the $1.24 per hundred pounds charged, appellant received 53 cents per hundred pounds, which was $315.30 more than it would have received had the cotton been originally billed to the points where it was afterward actually delivered.

We further find that when the appellees billed the cotton to Franklin, New Hampshire, they did so for their own convenience, not expecting that the cotton should be delivered there but intending to sell it en route and change the delivery so as to meet their own convenience.

Under such a state of facts, it would be unjust and inequitable to hold appellant to the guaranteed rate of 93 cents per hundred pounds; and although it has received more than it was entitled to receive of such excess, yet, the shipment having been changed by appellees, without the knowledge or consent of appellant, and for their own convenience and benefit, the appellant should not be required to refund more than the excess of what the shipment would have been had the cotton been originally billed to the points at which it was actually delivered.

The judgment of the court below is here reformed, so that appellees here recover the sum of $315.30, with interest from January 1, 1894, at the rate of six per cent per annum, and all costs of the court below, and that appellant recover the costs of appeal; and as so reformed, the judgment is affirmed.

*Reformed and affirmed.*